ORIGINAL FILED
MAR 23 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

EDL

R. Bradford Huss, SBN 71303
Amy A. Durgan, SBN 245325
TRUCKER ✦ HUSS
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104
Telephone:    (415) 788-3111

Attorneys for Defendant Wells Fargo Bank, N.A. and Wells Fargo Bank

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| P. SINGH ARORA, an individual; MANINDER ARORA, an individual; MRJ RESOURCES, INC., a corporation; VENDMART, INC., a corporation; PMA ENTERPRISES, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, a corporation; UNION BANK OF CALIFORNIA, a corporation; UNIONBANC INVESTMENT SERVICES, a business entity of unknown form; WELLS FARGO BANK, a corporation; WELLS FARGO BANK, N.A., a national chartered bank; NICHE MARKETING, INC., a corporation; NICHE PLAN SPONSORS, INC., a corporation; NATIONAL VARIABLE BENEFIT PLAN & TRUST, a business entity of unknown form; 419 PLAN ADMINISTRATORS, INC., a corporation, FRED STEPHENSON INSURANCE SERVICES, d/b/a NATIONAL PLAN ADVISORY SERVICES, a business entity of unknown form; COMPASS BANK, A CORPORATION; JUDI A. CARSRUD, an individual; HAL BROWN, an individual; PHILLIP ROWE, an individual; WILLIAM McGURK, an individual; GAYLORD BURKE, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C07-01695<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>(Alameda County Superior Court Case No. RG06304141) |

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT    1

#841411

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

Defendant Wells Fargo Bank, N.A. and Wells Fargo Bank, a corporation (collectively referred to herein as the "Bank") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, in which it is now pending, to the United States District Court for the Northern District of California, Oakland Division. The grounds for removal are as discussed below.

**GROUNDS FOR REMOVAL**

1. The Bank has been named in a civil action brought in the Superior Court of California for the County of Alameda entitled <u>Arora et al v. Hartford Life and Annuity Insurance Company et al</u>, Case Number RG 06304141 (the "Action"). The Bank was served with a copy of the Summons and Complaint on February 21, 2007. A true and correct copy of the Summons and Complaint is attached as Exhibit 1 and hereby incorporated into this Notice. Exhibit 1 constitutes all process, pleadings, and orders received by the Bank in the Action.

2. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because it is filed not more than one year after the commencement of the Action and within 30 days after service of both the Summons and the Complaint. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

3. This Court has original jurisdiction of the Action pursuant to the provisions of 28 U.S.C. § 1441, because the Action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in that:

   a. In the Complaint, Plaintiff alleges that the Defendants were involved in a "scheme to prefund a welfare benefit plan…." (Complaint at ¶3).

   b. Plaintiff alleges that the Defendants represented to the Plaintiffs that they had to form a "C" Corporation that would employ Plaintiffs P. Arora, M. Arora, and another so that Plaintiffs would be eligible to participate in an Internal Revenue Code section 419A Welfare Benefit Plan established and administered by Defendants (Complaint at ¶15).

c. Plaintiff alleges that its stated causes of action for fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, breach of fiduciary duty, and unfair and unlawful business practices are premised in part upon an agreement that Plaintiffs believed they would be purchasing certain health and welfare benefits for themselves. Complaint at ¶22.

d. Plaintiff's right of action against the Bank, if any, necessarily arises under ERISA §502(a), 29 U.S.C. §1132(a), which grants the United States District Court original jurisdiction over such civil action. *See* ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). In particular, a claim for breach of fiduciary duty concerning an ERISA-governed plan may only be brought under ERISA § 502(a), 29 U.S.C. § 1132(a).

e. To the extent that Plaintiff's Complaint also claims relief under state law doctrines of fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, rescission and restitution, breach of fiduciary duty, constructive trust, and unfair and unlawful business practices, ERISA preempts those claims because they "relate to" an employee benefit plan governed by ERISA. *See* ERISA § 514(a), 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). ERISA's preemption clause is "conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990).

4. The Bank has taken no action in the state court proceeding, and no further proceedings have been had in this matter in the state court.

5. Based upon a review of correspondence received from the Plaintiff and a review of the Register of Actions filed with the Superior Court of the State of California, County of Alameda, the Bank believes it has obtained the consent to removal of all other Defendants in the Action that have been served with process, as evidenced by the Joinders of Defendants Union Bank of California and UnionBanc Investment Services, William McGurk, Niche Marketing Inc., Niche Plan Sponsors, Inc., National Variable Benefit Plan & Trust, and 419 Plan Administrators, Inc.

filed concurrently herewith. Defendants Hartford Life and Annuity Insurance Company and Hal Brown will file a separate joinder document. To the best of the Bank's knowledge, none of the other Defendants have been served with process.

6. Promptly after filing this Notice of Removal, the Bank shall give written notice to Plaintiff of the filing of this Notice and shall, pursuant to 28 U.S.C. § 1446(d), file a copy of this Notice with the Clerk of Superior Court for the State of California, County of Alameda.

**JURISDICTION**

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and ERISA § 502(e), 29 U.S.C. 1132(e).

**VENUE AND INTRA-DISTRICT ASSIGNMENT**

8. Pursuant to 28 U.S.C. § 1446(a), the Bank files this Notice of Removal in the district and division in which the Action is pending.

9. Venue is proper in the Northern District of California pursuant to ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2) because the events giving rise to the Complaint took place in this district.

10. The Bank is represented by the undersigned attorneys who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

DATED: March 23, 2007

TRUCKER ✦ HUSS

By: _____
Amy A. Durgan
Attorney for Defendant Wells Fargo Bank, N.A. and Wells Fargo Bank