1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  SETH W. WIENER  Bar No. 203747
   One Market Plaza, Steuart Tower, 8th Floor
3  San Francisco, California 94105
   Telephone: (415) 781-7900
4  Facsimile: (415) 781-2635

5  Attorneys for Defendants and Third-Party Plaintiffs
   HARTFORD LIFE AND ANNUITY
6  INSURANCE COMPANY and HAL BROWN

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 P. SINGH ARORA, *et al*.,               CASE NO. C07-01695 JSW

13        Plaintiffs,                      THIRD-PARTY PLAINTIFFS
                                           HARTFORD LIFE AND ANNUITY
14    v.                                   INSURANCE COMPANY'S AND HAL
                                           BROWN'S THIRD-PARTY
15 HARTFORD LIFE AND ANNUITY               COMPLAINT AGAINST THIRD-PARTY
   INSURANCE COMPANY, *et al.*,            DEFENDANT SURENDER K. JINDAL
16
          Defendants.
17
   _____
18
   HARTFORD LIFE AND ANNUITY
19 INSURANCE COMPANY and HAL BROWN,

20        Third-Party Plaintiffs,

21    v.

22 SURENDER K. JINDAL,

23        Third-Party Defendant.

24

25

26

27

28

-1-

THIRD-PARTY PLAINTIFFS HARTFORD LIFE AND ANNUITY INSURANCE COMPANY'S AND HAL BROWN'S
COMPLAINT AGAINST THIRD-PARTY DEFENDANT SURENDER K. JINDAL

1    Pursuant to Fed.R.Civ.P. 14, third-party plaintiffs Hartford Life and Annuity Insurance

2    Company ("Hartford") and Hal Brown ("Brown"), for their third-party complaint against third-

3    party defendant Surender K. Jindal ("Jindal"), allege as follows:

4                                    **JURISDICTION AND VENUE**

5    1.    Jurisdiction of this action is founded upon 28 U.S.C. § 1367(a), because this claim

6    is so related to plaintiffs' claims that it forms part of the same case or controversy.

7    2.    Venue is proper in the Northern District of California because venue is proper in

8    the main action.

9                                              **PARTIES**

10    3.    Hartford is a corporation authorized to do business in the State of California,

11   doing business in this district.

12    4.    Brown is an individual resident in the State of California, doing business in this

13   district.

14    5.    Jindal is an individual resident in the State of California, doing business in this

15   district.

16                              **PRELIMINARY ALLEGATIONS**

17    6.    On December 28, 2006, plaintiffs filed their complaint against defendants,

18   including Hartford and Brown, in the Superior Court of California for the County of Alameda.

19    7.    On March 23, 2007, defendants removed plaintiffs' state court action to this court.

20    8.    Hartford and Brown incorporate herein the complaint, as though set forth

21   verbatim, but this incorporation is made for the sole purpose of stating a cause of action in this

22   third-party complaint and, by this incorporation, Hartford and Brown do not admit the truth of

23   any averments contained in the complaint and such averments are denied by Hartford and Brown.

24    9.    On information and belief, Jindal is a certified public accountant licensed by the

25   California Board of Accountancy under License No. 53185.

26    10.    On information and belief, Jindal gave accounting, auditing, and tax advice to

27   plaintiffs on all matters at issue in the complaint and prepared the federal and state income tax

28   returns which are at issue in the complaint.

1        11.     Jindal is legally responsible and liable in some manner for the events and

2  happenings referred to in plaintiffs' complaint, and is, therefore, responsible and liable to Hartford

3  and Brown for an amount of indemnity and/or of contribution to be hereinafter determined.

4

5                        **FIRST CAUSE OF ACTION**

6                  **[Equitable Indemnity Against Jindal]**

7        12.     Hartford and Brown hereby reallege and incorporate by reference all allegations of

8  Paragraphs 1 through 11, inclusive, of this third-party complaint as though fully set forth herein.

9        13.     At all times herein mentioned, Jindal was negligently or otherwise responsible in

10  total or in part for the injuries, losses and/or damages complained of by plaintiffs.

11       14.     Any liability that Hartford and Brown may incur as a result of plaintiffs' complaint,

12  or any counterclaim or third-party complaint filed against them in this action, will be the result of

13  the active and primary negligence and/or fault or misconduct of Jindal.

14       15.     In equity and good conscience, if plaintiffs or other defendants recover against

15  Hartford and/or Brown, then Hartford and/or Brown are entitled to equitable indemnity for any

16  and all liability from Jindal, according to his respective fault, for the injuries and damages

17  allegedly sustained by plaintiffs, and/or other defendants by way of sums paid in settlement, or

18  judgment rendered against Hartford and/or Brown in the action based upon plaintiffs' complaint

19  and/or on cross-complaints filed in this action, or to be filed by others. Such indemnification shall

20  include any and all attorneys' fees and court costs incurred by Hartford and/or Brown in the

21  defense of plaintiffs' complaint, or in the defense of counterclaims or third-complaints filed or to

22  be filed herein. The service of this third-party complaint shall serve as a tender of such defense

23  and indemnification from Jindal, to the extent that such a tender has not been made previously.

24                      **SECOND CAUSE OF ACTION**

25                    **[Total Indemnity Against Jindal]**

26       16.     Hartford and Brown hereby reallege and incorporate by reference all allegations of

27  Paragraphs 1 through 15, inclusive, of this third-party complaint as though fully set forth herein.

28       17.     If it is found that Hartford and/or Brown are legally responsible in any manner for

THIRD-PARTY PLAINTIFFS HARTFORD LIFE AND ANNUITY INSURANCE COMPANY'S AND HAL BROWN'S
COMPLAINT AGAINST THIRD-PARTY DEFENDANT SURENDER K. JINDAL

1    any damage to plaintiffs or other defendants, if any there were, then Hartford and/or Brown are

2    informed and believe, and thereon allege, that such damage was primarily and ultimately caused

3    by the acts and omissions of Jindal, whereas the acts of Hartford and/or Brown, if any, were

4    secondary, passive, and derivative in nature only.

5            18.    By reason of the foregoing, if plaintiffs, or other defendants, recover against

6    Hartford and/or Brown, then Hartford and/or Brown are entitled to total indemnity from Jindal,

7    for injuries and damages sustained by plaintiffs and/or other defendants, and for any sums paid by

8    way of settlement, or judgment rendered against Hartford and/or Brown in the underlying action

9    based upon plaintiffs' complaint, or on any counterclaims or third-party complaints filed in this

10   action.  Such sums to include any and all attorneys' fees and court costs incurred by Hartford

11   and/or Brown in the defense of the aforesaid actions.

12                          **THIRD CAUSE OF ACTION**

13                   **[Comparative Indemnity Against Jindal]**

14           19.    Hartford and Brown hereby reallege and incorporate by reference all allegations of

15   Paragraphs 1 through 18, inclusive, of this third-party complaint as though fully set forth herein.

16           20.    Hartford and Brown deny any liability whatsoever to plaintiffs and other

17   defendants in connection with the matters alleged in plaintiffs' complaint and any counterclaims or

18   third party-complaints.  Hartford and/or Brown further allege that, if held liable to plaintiffs, such

19   liability was and is the result, in total, or in part, of the negligence, fault and/or other wrongful

20   actions of Jindal.

21           21.    If, in fact, it is determined that Hartford and/or Brown are not entitled to be fully

22   indemnified by Jindal, Hartford and/or Brown allege that Jindal would be a concurrent tortfeasor,

23   and that Hartford and/or Brown are entitled to obtain indemnity from Jindal on a comparative

24   fault basis.

25           22.    Should it be determined that Hartford and/or Brown by virtue of the allegations in

26   plaintiffs' complaint are liable to plaintiffs, Hartford and/or Brown are entitled to indemnity from

27   Jindal, for that proportion of said injuries and/or damages caused by the wrongdoing of Jindal, the

28   amount of said indemnity to be determined by the proportional degree, or allocation of

-4-

1   proportionate fault of Jindal.

2   **FOURTH CAUSE OF ACTION**

3   **[Equitable Contribution Against Jindal]**

4         23.     Hartford and Brown hereby reallege and incorporate by reference all allegations of

5   Paragraphs 1 through 22, inclusive, of this third-party complaint as though fully set forth herein.

6         24.     At all times herein mentioned, Jindal was negligently or otherwise responsible in

7   total or in part for the injuries, losses and/or damages complained of by plaintiffs.

8         25.     Any liability that Hartford and Brown may incur as a result of plaintiffs' complaint,

9   or any counterclaim or third-party complaint filed against them in this action, will be the result of

10   the active and primary negligence and/or fault or misconduct of Jindal.

11         26.     In equity and good conscience, if plaintiffs or other defendants recover against

12   Hartford and/or Brown, then Hartford and/or Brown are entitled to equitable contribution for any

13   and all liability from Jindal, according to his respective fault, for the injuries and damages

14   allegedly sustained by plaintiffs, and/or other defendants by way of sums paid in settlement, or

15   judgment rendered against Hartford and/or Brown in the action based upon plaintiffs' complaint

16   and/or on cross-complaints filed in this action, or to be filed by others.  Such contribution shall

17   include any and all attorneys' fees and court costs incurred by Hartford and/or Brown in the

18   defense of plaintiffs' complaint, or in the defense of counterclaims or third-complaints filed or to

19   be filed herein.  The service of this third-party complaint shall serve as a tender of such defense

20   and contribution from Jindal, to the extent that such a tender has not been made previously.

21   **FIFTH CAUSE OF ACTION**

22   **[Total Contribution Against Jindal]**

23         27.     Hartford and Brown hereby reallege and incorporate by reference all allegations of

24   Paragraphs 1 through 26, inclusive, of this third-party complaint as though fully set forth herein.

25         28.     If it is found that Hartford and/or Brown are legally responsible in any manner for

26   any damage to plaintiffs or other defendants, if any there were, then Hartford and/or Brown are

27   informed and believe, and thereon allege, that such damage was primarily and ultimately caused

28   by the acts and omissions of Jindal, whereas the acts of Hartford and/or Brown, if any, were

-5-

THIRD-PARTY PLAINTIFFS HARTFORD LIFE AND ANNUITY INSURANCE COMPANY'S AND HAL BROWN'S
COMPLAINT AGAINST THIRD-PARTY DEFENDANT SURENDER K. JINDAL

1    secondary, passive, and derivative in nature only.

2         29.    By reason of the foregoing, if plaintiffs, or other defendants, recover against

3    Hartford and/or Brown, then Hartford and/or Brown are entitled to total contribution from Jindal,

4    for injuries and damages sustained by plaintiffs and/or other defendants, and for any sums paid by

5    way of settlement, or judgment rendered against Hartford and/or Brown in the underlying action

6    based upon plaintiffs' complaint, or on any counterclaims or third-party complaints filed in this

7    action.  Such sums to include any and all attorneys' fees and court costs incurred by Hartford

8    and/or Brown in the defense of the aforesaid actions.

9                            **SIXTH CAUSE OF ACTION**

10                      **[Comparative Contribution Against Jindal]**

11        30.    Hartford and Brown hereby reallege and incorporate by reference all allegations of

12   Paragraphs 1 through 29, inclusive, of this third-party complaint as though fully set forth herein.

13        31.    Hartford and Brown deny any liability whatsoever to plaintiffs and other

14   defendants in connection with the matters alleged in plaintiffs' complaint and any counterclaims or

15   third party-complaints.  Hartford and/or Brown further allege that, if held liable to plaintiffs, such

16   liability was and is the result, in total, or in part, of the negligence, fault and/or other wrongful

17   actions of Jindal.

18        32.    If, in fact, it is determined that Hartford and/or Brown are not entitled to full

19   contribution from Jindal, Hartford and/or Brown allege that Jindal would be a concurrent

20   tortfeasor, and that Hartford and/or Brown are entitled to obtain contribution from Jindal on a

21   comparative fault basis.

22        33.    Should it be determined that Hartford and/or Brown by virtue of the allegations in

23   plaintiffs' complaint are liable to plaintiffs, Hartford and/or Brown are entitled to contribution

24   from Jindal, for that proportion of said injuries and/or damages caused by the wrongdoing of

25   Jindal, the amount of said contribution to be determined by the proportional degree, or allocation

26   of proportionate fault of Jindal.

27                            **DEMAND FOR RELIEF**

28        WHEREFORE, defendants and third-party plaintiffs Hartford and Brown demand

-6-

THIRD-PARTY PLAINTIFFS HARTFORD LIFE AND ANNUITY INSURANCE COMPANY'S AND HAL BROWN'S
COMPLAINT AGAINST THIRD-PARTY DEFENDANT SURENDER K. JINDAL

judgment as follows:

1.    For a determination that Jindal is required to defend, indemnify, and hold Hartford and Brown harmless from any and all damages, liability, judgment, losses, including court costs and attorneys' fees incurred by Hartford and Brown in the defense of plaintiffs' action, or other actions filed by other defendants;

2.    For a determination that in the event that plaintiffs, or other defendants, recover judgment against Hartford and/or Brown, fault is to be apportioned between Hartford, Brown, Jindal, and others, based upon a comparison of fault between Hartford, Brown and Jindal, and others, and contribution awarded based on their percentage degree of fault;

3.    For monetary damages;

4.    For the costs of suit incurred herein;

5.    For attorneys' fees; and,

6.    For prejudgment and postjudgment interest, as allowed by law;

7.    For such other and further relief as the Court may deem just and proper.


DATED:  May 1, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/  Bruce D. Celebrezze
    Bruce D. Celebrezze
    Seth W. Wiener
    Attorneys for Defendants and Third-Party Plaintiffs
    HARTFORD LIFE AND ANNUITY INSURANCE
    COMPANY and HAL BROWN