Shalem A. Massey, California Bar No. 143281
Lawrence L. Yang, California Bar No. 206738
**BRYAN CAVE LLP**
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100

Attorneys for Defendants
NICHE MARKETING, INC., a corporation, and NICHE PLAN SPONSORS, INC., a corporation, NATIONAL VARIABLE BENEFIT PLAN & TRUST, JUDI A. CARSRUD, PHILLIP ROWE, 419 PLAN ADMINISTRATORS, INC., and COMPASS BANK

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| P. SINGH ARORA, an individual; MANINDER ARORA, an individual; MRJ RESOURCES, INC., a corporation; VENDMART, INC., a corporation; PMA ENTERPRISES, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, a corporation; UNION BANK OF CALIFORNIA, a corporation; UNIONBANC INVESTMENT SERVICES, a business entity of unknown form; WELLS FARGO BANK, a corporation; WELLS FARGO BANK, N.A., a national chartered bank; NICHE MARKETING, INC., a corporation; NICHE PLAN SPONSORS, INC., a corporation; NATIONAL VARIABLE BENEFIT PLAN & TRUST, a business entity of unknown form; 419 PLAN ADMINISTRATORS, INC., a corporation; FRED STEPHENSON INSURANCE SERVICES, d/b/a/ NATIONAL PLAN ADVISORY SERVICES, a business entity of unknown form; COMPASS BANK, a corporation; JUDI A. CARSRUD, an individual; HAL | Case No. C 07-01695 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS NICHE MARKETING, INC., NICHE PLAN SPONSORS, INC., NATIONAL VARIABLE BENEFIT PLAN & TRUST, JUDI A. CARSRUD, PHILLIP ROWE, 419 PLAN ADMINISTRATORS, INC., AND COMPASS BANK IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ON PROCEDURAL GROUNDS**<br><br>Date:      August 24, 2007<br>Time:      9:00 a.m.<br>Judge:     Honorable Jeffrey S. White<br>Location:  Courtroom 2, 17th Floor |

IR01DOCS348545.3

NICHE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ON PROCEDURAL GROUNDS [C 07-01695 JSW]

| | |
|---|---|
| 1 | BROWN, an individual; PHILLIP ROWE, an individual; WILLIAM MCGURK, an individual; GAYLORD BURKE, an individual; and DOES 1 through 100, inclusive, |
| 2 | |
| 3 | |
| 4 | Defendants. |
| 5 | _____ |
| 6 | HARTFORD LIFE AND ANNUITY INSURANCE COMPANY and HAL BROWN, |
| 7 | |
| 8 | Third-Party Plaintiffs, |
| 9 | vs. |
| 10 | SURENDER K. KINDAL, |
| 11 | Third-Party Defendant. _____ |

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614-8200

28  IR01DOCS348545.3

NICHE DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND ON
PROCEDURAL GROUNDS [C 07-01695 JSW]

## I. ISSUES PRESENTED

There are two issues presented. First, was defendant Compass Bank required to join the removal of this matter? The answer is "no," because (1) Plaintiffs failed to properly serve Compass Bank, as demonstrated by the Wells Fargo Defendants in their Memorandum of Points and Authorities In Opposition to Plaintiffs' Motion to Remand on Procedural Grounds ("Wells Fargo Opposition To Procedural Remand")[1], and (2) as demonstrated below, even if the Court determines that Plaintiffs properly served Compass Bank, Compass Bank is a nominal defendant whose consent was not required for removal.

Second, even if the Court determines that Plaintiffs properly served Compass Bank, and also further determines that Compass Bank is not a nominal defendant, has Compass Bank properly consented to removal of this matter? The answer is "yes," because (1) Plaintiffs have waived their right to remand this action based on procedural grounds by granting Compass Bank an extension of time to answer the complaint *and also* filing a demand for jury trial in federal court, and (2) Compass Bank has filed an answer to the complaint in this action, and is represented by the same attorneys as other defendants in this action who have formally joined in removal.

For these reasons, as detailed below, and for the reasons set forth in the Oppositions filed by the other Defendants, Plaintiffs' motion to remand on procedural grounds should be denied.

///
///
///
///

---

[1] Defendants Niche Marketing, Inc., Niche Plan Sponsors, Inc., National Variable Benefit Plan & trust, 419 Plan Administrators, Inc., Judi Carsrud, Phillip Rowe, and Compass Bank (collectively, the "Niche Defendants") have filed a separate joinder to the Wells Fargo Opposition To Procedural Remand.

IR01DOCS348545.3

1

NICHE DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND ON
PROCEDURAL GROUNDS [C 07-01695 JSW]

## II. FACTUAL BACKGROUND AND LEGAL ARGUMENT

### A. Because Plaintiffs Failed To Properly Serve Compass Bank, Compass Bank Was Not Required To Join The Removal.

As demonstrated by the Wells Fargo Defendants in the Wells Fargo Opposition To Procedural Remand, Plaintiffs failed to properly serve Compass Bank with process, and therefore Compass Bank was not required to join the removal. The Niche Defendants have filed a separate joinder to the Wells Fargo Opposition To Procedural Remand, and also hereby incorporate by reference Wells Fargo's arguments demonstrating Plaintiffs' failure to properly serve Compass Bank.

### B. Even If The Court Determines That Plaintiffs Properly Served Compass Bank, Compass Bank Is A "Nominal" Party, And Therefore Its Consent To Removal Is Not Required.

It is hornbook law that a "nominal" party does not need to consent to removal for the removal to be effective. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) ("[A]ll defendants in a state action must join in the petition for removal, **except for** nominal, unknown or fraudulently joined parties.") (emphasis added), citing Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986) and Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970). "The question of whether or not a named defendant is a nominal party depends on the facts in each case." Tri-Cities, *supra*, 427 F.2d at 327.

A nominal defendant is a "trustee, agent, or depositary," SEC v. Cherif, 933 F.2d 403, 414-15 (7th Cir. 1991), whose role "is limited to that of a stakeholder or depositary," Evergreen Sch. Dist. v. N.F., 393 F.Supp.2d 1070, 1073-74 (W.D. Wash. 2005), a party "whose relation to the suit is merely incidental and to whom it is of no moment whether the one or the other side of the controversy succeeds." Id., citing, *inter alia*, Hewitt, *supra*, 798 F.2d at 1232-33, and Colman v. Shimer, 163 F.Supp. 347, 350 (W.D. Mich. 1958).

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614-8200

IR01DOCS348545.3

2

1  With respect to a nominal party, there is "no reasonable basis for predicting that it will be
2  held liable." Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993).

3        Compass Bank is, at most, a nominal party to this action. It had indicated, as early
4  as April 30, 2002, that it intended to resign as Trustee of the National Variable Plan and
5  Trust (the "Plan") effective May 31, 2002. (Declaration of Judi Carsrud ["Carsrud Decl."],
6  Exhibit 1, Preamble para. C.) The May 31 resignation date was moved to December 31,
7  2002. Id. Plaintiffs did not adopt and establish the Plan until December 31, 2002.
8  (Carsrud Decl., Exhibits 2 and 3.)

9        The final paperwork replacing Compass Bank as Trustee was signed January 14,
10 2003. (Carsrud Decl., Exhibit 4.) Plaintiffs allege in their Complaint that the earliest of
11 the "[t]he life insurance policies sold to Plaintiffs which are the subject of this Complaint"
12 was not issued until January 27, 2003 (Complaint, ¶ 19), that is, not until *after* the
13 paperwork was executed on January 14, 2003 removing Compass Bank as Trustee.

14       Therefore, Compass Bank's relation to this case is "incidental," Evergreen, *supra*,
15 393 F. Supp. 2d at 1073-74, if even that. Compass Bank is, at best, a nominal party, and
16 the fact that it did not join in the notice of removal does not render the removal defective.

17     **C.**     **Even If The Court Determines That Compass Bank Is Not A Nominal**
18           **Party, Compass Bank Has Still Properly Consented To Removal.**

19       Filing a notice of removal or a joinder to a notice are not the only permissible
20 methods for a party to consent to removal. Plaintiffs concede in their remand motion that
21 filing an answer, in certain circumstances, properly constitutes consent to removal. See,
22 e.g., Hernandez v. Six Flags Magic Mountain, 688 F.Supp. 560, 562 (C.D. Cal. 1988).
23 Moreover, filing an answer to a complaint can constitute consent to removal even if a
24 defendant files an answer more than 30 days after being served with a complaint. "The
25 failure of a defendant to join in a removal petition or consent to such action within the
26 thirty day time limitation is a waivable, nonjurisdictional defect." Intercoastal Refining
27 Co. v. Jalil, 487 F. Supp. 606, 608 (S.D. Tex. 1980). See also Hernandez, *supra*, 688
28 IR01DOCS348545.3

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614-8200

3

1  F.Supp. at 562 ("The time limitation for removal … is not jurisdictional, but rather is
2  modal or formal and may be waived."), citing <u>Powers v. Chesapeake & Ohio Railway Co.</u>,
3  169 U.S. 92, 99 (1898), <u>London v. United States Fire Insurance Co.</u>, 531 F.2d 257, 259
4  (5th Cir. 1976), and <u>Weeks v. Fidelity and Casualty Co.</u>, 218 F.2d 503 (5th Cir. 1955).

5  As demonstrated below, Compass has properly consented to removal by filing an
6  answer in federal court to Plaintiffs' complaint.

### 1. <u>Plaintiffs Have Waived Their Right To Remand.</u>

8  Plaintiffs rely on <u>Ortiz v. General Motors Acceptance Corp.</u>, 583 F.Supp. 526 (N.D.
9  Ill. 1984) and <u>Shukov v. Isostent</u>, LLC, 2003 U.S. Dist. LEXIS 6297 (N.D. Cal. 2003) for
10 the proposition that their granting an extension of time for Compass Bank to answer the
11 complaint did not extend Compass Bank's time to consent to removal.

12 Plaintiffs' reliance on <u>Ortiz</u> and <u>Shukov</u>, however, is inapposite. Both of those
13 cases are distinguishable because neither involved a plaintiff who, in addition to agreeing
14 to an extension of time for a defendant to answer a complaint, *also* filed a demand for jury
15 trial in federal court. A plaintiff waives his right to remand an action for failure to strictly
16 comply with removal procedures where the plaintiff both extends the time for a defendant
17 to answer a complaint and also files a jury demand in federal court. <u>Ortiz</u>, *supra*, 583 F.
18 Supp. at 531; <u>Jalil</u>, *supra*, 487 F.Supp. at 607.

19 That is precisely what happened in this case. Plaintiffs not only (1) granted
20 Compass Bank an extension of time to respond to the complaint (Yang Decl., Exhibit 1),
21 Plaintiffs also (2) filed a demand for jury trial in federal court. (Yang Decl., Exhibit 2.)
22 By taking both these actions, Plaintiffs have waived their right to remand.

23 Indeed, the <u>Jalil</u> court decided this exact issue:

> **Defendants maintain … that the Plaintiff has waived the right to remand by filing a jury demand and by agreeing to an order extending Defendant['s] … time to answer in this Court** … The filing of a jury demand in federal court prior to

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614-8200

IR01DOCS348545.3

4

|   |   |
|---|---|
| 1 | insisting upon the right to remand has been held to be that type |
| 2 | of affirmative conduct on the part of a plaintiff that constitutes |
| 3 | a waiver of the right to remand an action for failure to strictly |
| 4 | comply with removal procedures  Accordingly, this Court |
| 5 | holds that the Plaintiff's post-removal conduct, occurring prior |
| 6 | to insisting upon the right to remand, amounts to an assent to |
| 7 | the removal of this action and a waiver of the nonjurisdictional |
| 8 | irregularities that existed therein. |

Jalil, *supra*, 487 F.Supp. at 607 (emphasis added), citing Green v. Zuck, 133 F. Supp. 436 (S.D.N.Y. 1955), Mellon v. International Shoe Co., 32 F.2d 390 (D.C.Mass. 1929), and Transport Indemnity Co. v. Financial Trust Co., 339 F.Supp. 405 (C.D.Cal. 1972).

Therefore, the fact that Plaintiffs, in addition to granting Compass Bank an extension of time to answer, also filed a demand for jury trial in federal court, distinguishes this case from Ortiz and renders Plaintiffs' reliance on Ortiz unavailing. In fact, the Ortiz court itself distinguished its holding from Jalil precisely on this ground:

> **In Jalil, however**, the plaintiff, in addition to stipulating to an extension of time, filed a jury demand in the federal court. Id. at 607. In this case [i.e. Ortiz], however, the only pleading filed on behalf of the plaintiff in addition to the stipulation has been the motion to remand and memoranda in support of that motion. Merely filing the stipulation does not amount to affirmative conduct which would render it "offensive to fundamental principles of fairness to remand."

Ortiz, *supra*, 583 F. Supp. at 531 (bold emphasis added). See also Recognition Communications, Inc. v. American Automobile Association, Inc., 1998 U.S. Dist. LEXIS 3010, *10-11 (N.D. Tx. 1998) (Remanding, but distinguishing Jalil on the grounds that the plaintiff in Jalil "substantially participated in the federal court" by filing jury demand and

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614-8200

1 agreeing to extension of time for defendant to answer), and <u>Fellhauer v. City of Geneva</u>,
2 673 F.Supp. 1445, 1448-49 (N.D. Ill. 1987) (Remanding, but distinguishing <u>Jalil</u> on the
3 grounds that although plaintiff in <u>Fellhauer</u> granted extension of time to answer, it did not
4 also file jury demand in federal court like the plaintiff in <u>Jalil</u>).

5     The holding in <u>Jalil</u> applies with equal force and logic to Plaintiffs' actions in this
6 case, and compels the same result.  Like the plaintiff in <u>Jalil</u>, Plaintiffs in this case granted
7 Compass Bank an extension of time to answer the complaint.  Like the plaintiff in <u>Jalil</u>,
8 Plaintiffs in this case also filed a demand for jury trial in federal court.  Therefore – like
9 the plaintiff in <u>Jalil</u> – Plaintiffs have waived their right to remand, and their remand motion
10 should be denied.

11     **D.**    **Additionally, Compass Bank Has Properly Consented To Removal**
12     **Because It Has Filed An Answer To The Complaint, And Is Also**
13     **Represented By The Same Attorneys As Other Defendants Who Have**
14     **Formally Joined In Removal.**

15     Moreover, the fact that Compass Bank is represented by the same counsel as other
16 defendants who have formally consented to removal also compels denial of Plaintiffs'
17 remand motion.  Where a defendant consents to removal by filing an answer to a
18 complaint, even if the answer is silent on the issue of removal, a plaintiff's motion to
19 remand should be denied if the defendant who filed the answer is represented by the same
20 attorney as other defendants who expressly consented to removal.  <u>Esposito v. Home</u>
21 <u>Depot U.S.A., Inc.</u>, 436 F.Supp.2d 343, 346-47 (D.R.I. 2006).

22     The plaintiff in <u>Esposito</u> sued three defendants: Black & Decker, Dewalt, and Home
23 Depot.  Black & Decker and Dewalt removed the case to federal court.  "Home Depot did
24 not join the removal petition, and the petition was silent as to Home Depot."  <u>Esposito</u>,
25 *supra*, 436 F.Supp.2d at 344.

26     After the other defendants had filed the removal petition, "the same attorney who
27 had filed the removal petition … filed Home Depot's Answer [to the complaint] in this
28 IR01DOCS348545.3

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614-8200

Court. [Footnote omitted.]"[2/] Id. "Home Depot's Answer, however, did not specifically indicate its consent to removal." Id.

In denying plaintiff's motion to remand, the Esposito court focused on the fact that Home Depot – the defendant that had not joined the initial removal petition – had filed an answer in federal court, and was also represented by the same attorney that had removed the case to federal court. The court reasoned that "[a]ny doubt about whether consent is manifested by the Home Depot Answer" was "eviscerated" by the fact that Home Depot was represented by the same counsel as the other defendants. Id. at 346-47. Therefore, the court concluded:

> Thus, while Home Depot should have formally joined Black & Decker and Dewalt's removal petition, or at least explicitly stated its consent to removal in its answer, remanding this case to state court … does not serve any of the purposes of the rule of unanimity.

Id. at 347.

In this case, Compass Bank is represented by the same attorneys at Bryan Cave LLP that represent defendants Niche Marketing, Inc., Niche Plan Sponsors, Inc., National Variable Benefit Plan & trust, 419 Plan Administrators, Inc., Judi Carsrud, and Phillip Rowe, all of whom formally joined the removal, as Plaintiffs concede in their motion papers. Accordingly, "any doubt as to whether consent [to removal] is manifested by the [Compass Bank] Answer" to Plaintiffs' complaint is "eviscerated" by the fact that Compass Bank is represented by the same counsel as these other defendants. Id. at 346-47.

///

///

---

[2/] In its footnote, the Esposito court made an obvious (but important) observation: "Thus, all three Defendants are now represented by the same attorney."

IR01DOCS348545.3

7

## III. CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in the Oppositions filed by the other Defendants, Plaintiffs' motion to remand on procedural grounds should be denied.

Dated: August 3, 2007

**BRYAN CAVE LLP**
Shalem A. Massey
Lawrence L. Yang

By: /s/ Lawrence L. Yang
Lawrence L. Yang
Attorneys for Defendants
NICHE MARKETING, INC., corporation and NICHE PLAN SPONSORS, INC., a corporation, NATIONAL VARIABLE BENEFIT PLAN & TRUST, JUDI A. CARSRUD, PHILLIP ROWE, 419 PLAN ADMINISTRATORS, INC., and COMPASS BANK

IR01DOCS348545.3

8

NICHE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND ON PROCEDURAL GROUNDS [C 07-01695 JSW]

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614-8200