IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. SINGH ARORA et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HARTFORD LIFE AND ANNUITY<br>INSURANCE COMPANY, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-01695 JSW<br><br>**NOTICE OF TENTATIVE<br>RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 24, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Plaintiffs' motion to remand based on procedural grounds; **tentatively GRANTS** on Plaintiffs' motion to remand based on lack of subject matter jurisdiction; **tentatively will not address** Defendant Wells Fargo's motion to dismiss; and

**tentatively GRANTS** Plaintiffs' motion to disqualify counsel (and, if not disqualified,

**tentatively will not address** Defendant Hartford Insurance Company's motion to dismiss.)

The parties shall have 25 minutes each to address the following questions:

**Motion to Remand Based on Lack of Subject Matter Jurisdiction and Motion(s) to Dismiss**

1. How do Defendants contend this case is distinguishable from *Toumajian v. Frailey*, 135 F.3d 648 (9th Cir. 1998), in which the Ninth Circuit spelled out the distinction between complete preemption under § 1132(a) and conflict preemption under § 1144(a)? How do Defendants maintain that each of Plaintiffs' claims are completely preempted by ERISA? Do Plaintiffs' fraud claims seek relief as a participant in the Plan for benefits due or to enforce the terms of the Plan, or rather, like Toumajian, do Plaintiffs' claims essentially seek damages for professional malfeasance by Defendants? If so, isn't this Court divested of jurisdiction and should the state court determine the scope of ERISA preemption instead?

2. Although qualified employees under an ERISA plan are considered participants, must designated participants of an ERISA plan be considered employees to qualify for benefits?

3. On what authority do Defendants contend that Dipinder Khurana's receipt of a nominal $1,000, without a salary, converts him to the status of an employee? If Khurana is not considered an employee, how can the Aroras be considered employees of the Plan if they are self-employed owners of the sponsoring corporation, MRJ Resources? (*See Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 264 (9th Cir. 1991).)

**Motion to Disqualify Counsel**

1. "An attorney represents a client – for purposes of a conflict of interest analysis – when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result." *People v. Speedee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1148 (1999). Even putting aside the dispute regarding whether the Sedgwick attorneys ever reviewed the large three-ring binder of materials or the memorandum prepared by Mr. Yu, Plaintiffs' pension consultant, it is clear from the attachments to the declarations of attorneys James S. Brown and Roger W. Sleight that Plaintiffs shared material confidential information with them in advance of the October 24, 2006 meeting. This meeting allegedly took place after review of the materials and lasted for one and half to two hours. Does Sedgwick contend that during that time, there was no rendering of legal advice? What is Plaintiffs' recollection of whether legal advice was given?

2. Do the number of telephone conversations between Mr. Yu and Mr. Brown constitute the initial or peripheral contacts, and the longer in-person meeting with the two Plaintiffs as well as their pension consultant and their accountant, constitute "attorney-client discussions" that proceeded beyond the initial contact? (*See Speedee*, 20 Cal. 4th at 1148.)

3. Mr. Brown indicates in his declaration that Mr. Yu mentioned Hartford Insurance Company while describing Plaintiffs' legal problems. (Brown Decl., ¶ 4.) In addition,

the materials attached to the declarations of Mr. Brown and Mr. Sleight include Mr. Arora's typewritten notes which repeatedly mention ongoing disputes with Hartford. Knowing that Hartford was a client of the Sedgwick firm, why was the preliminary conflicts check insufficient to indicate a conflict?

4. On what information did Hartford determine it should file a third party claim against Plaintiffs' accountant, Surender Jindal?

5. If the Court grants the motion to remand, does it retain jurisdiction to police the practices of lawyers appearing before it and rule on the motion to disqualify counsel?

Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:  August 23, 2007

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE

3