IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

P. SINGH ARORA et al.,

    Plaintiffs,

v.

HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, et al.,

    Defendants.

No. C 07-01695 JSW

**ORDER GRANTING MOTION TO REMAND AND DECLINING TO RULE ON MOTIONS TO DISMISS AND MOTION TO DISQUALIFY COUNSEL**

Now before the Court are several motions: Plaintiffs' motion to remand based on lack of subject matter jurisdiction, Defendant Wells Fargo Bank's motion to dismiss and Defendant Hartford Insurance Company's motion to dismiss and Plaintiffs' motion to disqualify counsel. Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS Plaintiffs' motion to remand based on lack of subject matter jurisdiction and therefore declines to rule on the remaining motions.

## BACKGROUND

Defendants removed this action to federal court based on the alleged preemption of Plaintiffs' claims by the Employee Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs, owners of Vendmart, Inc. and PMA Enterprises, LLC in the business of selling vending machines and operating a gas station and convenience store, allege that the various Defendants helped Plaintiffs set up a company, MRJ Resources, Inc. in order to purchase life insurance policies for Plaintiffs P. Singh and Maninder Arora. According to the

complaint, MRJ Resources, upon the advice of Defendants, set up a welfare benefit plan ("the Plan"), in order to minimize the individuals' income taxes through the creation of a trust funded by the Aroras' life insurance policies. The Plan listed the Aroras as well as Maninder Arora's nephew, Dipinder Khurana, as participants in the Plan. However, none of the three individual participants performed any services for MRJ Resources or received a salary from the company, with the exception of the transfer of a single payment for $1,000 to Mr. Khurana. (Declaration of P. Singh Arora ("Arora Decl."), ¶ 3; Declaration of Dipinder Khurara ("Khurana Decl."), ¶ 2.) Plaintiffs maintain that MRJ Resources was merely a shell corporation, set up for the sole purpose of creating a vehicle for the purchase of the disputed insurance policies and the resulting minimization of the individuals' income tax liability. The Plaintiffs contend the Plan does not qualify as an ERISA plan and therefore Defendants' removal was improper. Plaintiffs move to remand the case to the Superior Court of California in and for the County of Alameda.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.     Legal Standard on Motion to Remand.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

2

2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

"It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original). Thus, even where a defense of ERISA preemption is presented, if the district court lacks removal jurisdiction, the court must remand the case to state court "where the preemption issue can be addressed and resolved." *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998).

While a defense of preemption, also known as "ordinary preemption," is insufficient to demonstrate removal jurisdiction, "complete preemption," however, which is a corollary to the well-pleaded complaint rule, would be a sufficient basis for removal. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Rains*, 80 F.3d at 344. In rare cases, where state law claims can be said to "arise under" federal law, removal of

3

state law claims may be appropriate. *Toumajian*, 135 F.3d at 653; *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 819 (9th Cir. 2001).

In the ERISA context, state law claims are completely preempted and arise under federal law only when (1) the state law claims "relate to" an ERISA plan within the meaning of 29 U.S.C. Section 1144(a) (i.e., the state law clams are subject to a "conflict preemption" defense); and the claims fall within the scope of the ERISA civil enforcement scheme. *Toumajian*, 135 F.3d at 654 (citing *Metropolitan Life*, 481 U.S. at 66); *Abraham*, 265 F.3d at 819. "If both conditions are not met, however, the federal court does not have subject matter jurisdiction and the matter should be remanded." *Toumajian*, 135 F.3d at 654.

Defendants have the burden of proof to demonstrate that Plaintiffs' state law claims are completely preempted. *See Gaus*, 980 F.2d at 566.

**B.     Federal Question Jurisdiction Does Not Exist.**

Defendants argue that federal question jurisdiction exists because Plaintiffs' claims against them is completely preempted by ERISA. Plaintiffs contend that their state law claims do not relate to an ERISA plan because the MRJ Resources Plan does not qualify as an ERISA plan. Plaintiffs argue the Plan was not sponsored by an "employer" to provide benefits to "employees" or "former employees" and therefore does not qualify as an ERISA plan under the statute.

ERISA defines "employee welfare benefit plan" or "welfare plan" as any plan, fund, or program which is established or maintained by an employer for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, any number of benefits, including severance and death benefits, for the program's "participants or their beneficiaries." 29 U.S.C. § 1002(1). A "participant" is defined as "any employee or former employee of an employer." 29 U.S.C. § 1002(6). An "employer" is defined as "any person acting as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5).

"The gist of ERISA's definitions of employer, ... participant, and beneficiary is that a plan, fund, or program falls within the ambit of ERISA only if the plan, fund, or program covers

4

ERISA participants because of their employee status in an employment relationship, and an employer ... is the person that establishes or maintains the plan, fund, or program. Thus, plans, funds, or programs under which no ... employees or former employees participate are not employee welfare benefit plans" under ERISA. *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982).

Although it is clear that ERISA plans require employee participants, the statute's definition of employee is "completely circular and explains nothing." *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). In *Darden*, the Supreme Court adopted a common-law agency test expounding several equally weighted factors to be assessed in order to determine who qualifies as an "employee" for the purposes of ERISA. *Id.* The purpose of the test is to determine the extent to which the hiring party controls "the manner and means by which the product is accomplished." *Id.* The Court held that "[a]mong the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party." *Id.* at 323-24 (citing *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989)). Under the common-law test, "all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Id.* at 324.

In *Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310, 1313 (9th Cir. 1998), the court held that under the *Darden* test, an insurance agent was not an employee for purposes of ERISA because, among other things, the insurance company did not control the operation of his business, he sold competitors' products, and he did not rely solely upon the company for his income. In *Graves v. Women's Professional Rodeo Ass'n*, 907 F.2d 71, 73 (8th Cir. 1990), the court held that given the "quite spartan and circular nature of the definitions" or employee and employer, the court should revert the dictionary definition. "Central to the meaning of these

5

words is the idea of compensation in exchange for services: an employer is someone who pays, directly or indirectly, wages or a salary or other compensation to the person who provides those services – that person being the employee. Compensation by the putative employer to the putative employee is not a sufficient condition, but it is an essential condition to the existence of an employer-employee relationship." *Id.*

Similarly, in this matter, the three listed beneficiaries do not qualify as employees for the purposes of ERISA. None of the Plaintiffs engaged in any work for nor provided any services to MRJ Resources, nor, with the exception of a $1,000 payment to Mr. Khurana, received any remuneration or benefits from the company. (*See* Arora Decl., ¶ 3; Khurana Decl., ¶ 2.) On this record, the Court finds that the three listed beneficiaries do not qualify as employees for the purposes of ERISA. The regulations implementing ERISA provide that "a plan under which no employees are participants does not constitute an ERISA employee benefit plan." *LaVenture v. Prudential Ins. Co. of America*, 237 F.3d 1042, 1045 (9th Cir. 2001) (citations omitted).

## C. Documentation of ERISA Status is Not Dispositive.

Defendants contend that the Plan falls under the rubric of ERISA and due to M. Singh Arora's filing of the Form 5500s for the Plan, the company's annual returns, and the official reports of the Employee Benefit Plan, indicating that MRJ Resources had indeed represented to Department of Labor and the Internal Revenue Service that the Plan qualified as as ERISA plan. Defendants cite *McMahon v. Digital Equipment Corp.*, 998 F. Supp. 62, 67 (D. Mass. 1998), for the proposition that when an employer represents to its employees and governing federal agencies that the plan governing employee benefits is subject to ERISA, the employees are entitled to all the protections afforded by ERISA. However, the converse is not necessarily true – where a company represents to federal agencies that the plan is an ERISA plan for the ostensible purpose of receiving benefits, but where no employees rely on such representations, the filings are considered a factor in determining whether the plan qualifies under ERISA, but such filings are not determinative. *See Stern v. International Business Machines Corp.*, 326 F.3d 1367. 1374 (11th Cir. 2003) ("The way in which an employer characterizes its plan may be

6

one factor, among others, in determining ERISA coverage. ... even if [the employer] has treated the Program as an ERISA plan with respect to government filings, its mere labeling of the plan should not determine whether ERISA applies."); *see also Miller v. PPG Industries, Inc.*, 278 F. Supp. 2d 826, 831 (W.D. Ky. 2003) ("Although an employer's characterization of its plan may be a factor in determining ERISA coverage, it is not dispositive."). The Court finds that, considering all of the facts, Mr. Singh's labeling of the plan as an ERISA plan for purposes of federal agency filings is not dispositive here. *See Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1012 (9th Cir. 1997) (holding that the labeling of a particular employment relationship, although a factor, is not entirely dispositive, but instead the court must examine all of the relevant facts to determine the nature of the relationship); *see also Kanne v. Connecticut Gen. Life Ins.*, 867 F.2d 489, 492 (9th Cir. 1988) ("The existence of an ERISA plan is a question of fact to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person.")

The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court. If the complaint does not contain a cause of action that arises under federal law, the court lacks subject matter jurisdiction and must remand the case to state court. 28 U.S.C. § 1447 (c). Because the Court does not find that there were employees under the claimed plan and because the Court finds that Mr. Singh's representations of ERISA status to the federal agencies is not dispositive, the Court GRANTS Plaintiffs' motion to remand this action as lacking federal subject matter jurisdiction. In addition, because the Court lacks jurisdiction to hear the matter, the Court will not rule on the remaining pending motions to dismiss and for disqualification of counsel.

///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand based on lack of subject matter jurisdiction. The Court declines to rule on the other outstanding motions. The Court ORDERS that this action be remanded to the Superior Court of California in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: October 9, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE